IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CRIMINAL ACTION NO. 2:22-cr-00163

DAVID GERALD MINKKINEN
SIVARAMAN SAMBASIVAM,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendants Sivaraman Sambasivam's and David Gerald Minkkinen's Joint Objections to the Magistrate Judge's Order Denying Their Joint Motion to Dismiss Plaintiff's Indictment for Lack of Venue, or, in the Alternative, Motion to Transfer to the District of Minnesota* (Document 43) and the *Government's Response to Defendants' Joint Objections to Magistrate Judge's Order Denying Motion to Dismiss and Alternative Motion to Transfer Venue* (Document 47).

Pursuant to the standard *Order of Reference* (Document 3) entered in this matter, *Defendants Sivaraman Sambasivam's and David Gerald Minkkinen's Joint Motion to Dismiss Plaintiff's Indictment for Lack of Venue, or, in the Alternative, Motion to Transfer to the District of Minnesota, and Memorandum of Law in Support* (Document 38) was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge.  Upon review of the Defendants' joint motion, the *Government's Opposition to Defendants' Joint Motion to Dismiss for Lack of Venue*

*and Alternative Motion to Transfer Venue* (Document 40), and *Defendants Sivaraman Sambasivam's and David Gerald Minkkinen's Joint Reply in Support of the Motion to Dismiss Plaintiff's Indictment for Lack of Venue, or, in the Alternative, Motion to Transfer to the District of Minnesota* (Document 41), Judge Aboulhosn entered an *Order* (Document 42) denying the motion to dismiss or to transfer venue.

## FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The United States brought this case in a 13-count *Indictment* (Document 1) returned on August 23, 2022.  The Indictment names David Gerald Minkkinen and Sivaraman Sambasivam as Defendants.  It alleges generally that, until 2013, Mr. Minkkinen and Mr. Sambasivam were employed at Deloitte, where they were involved with the Unemployment Insurance practice. "Deloitte uses a propriety web-based software platform named Unemployment Framework for Automated Claim & Tax Services ("uFACTS") to process unemployment insurance claims for state agencies."   (Indictment at ¶ 1.)   Mr. Minkkinen and Mr. Sambasivam left Deloitte to work at Sagitec, where they were both senior partners with Sagitec's Unemployment Insurance practice. In 2015, Sagitec won a bid to design, develop, and implement an unemployment insurance software system for the states of Maryland and West Virginia, funded by the United States Department of Labor.  The indictment alleges that they, and others, conspired to convert Deloitte's trade secrets related to its uFacts system for use by, and benefit to, Sagitec.

The Indictment contains the following counts:

Count 1 – Conspiring in the Theft of Trade Secrets, in violation of 18 U.S.C. §1832(a)(5), as to both Defendants;

Count 2 – Aiding and Abetting the Theft of Trade Secrets, in violation of 18 U.S.C §1832(a)(3) and § 2, as to both Defendants;

Count 3 – Wire Fraud, in violation of 18 U.S.C. § 1343 as to Mr. Minkkinen;

Count 4 – False Statements, in violation of 18 U.S.C. § 1001(a)(3) as to Mr. Minkkinen;

Count 5 – False Statements, in violation of 18 U.S.C. § 1001(a)(3) as to Mr. Minkkinen;

Count 6 – False Statements, in violation of 18 U.S.C. § 1001(a)(3) as to Mr. Minkkinen;

Count 7 – False Statements, in violation of 18 U.S.C. § 1001(a)(2) as to Mr. Minkkinen;

Count 8 – False Statements, in violation of 18 U.S.C. § 1001(a)(2) as to Mr. Minkkinen;

Count 9 – False Statements, in violation of 18 U.S.C. § 1001(a)(2) as to Mr. Minkkinen;

Count 10 – False Statements, in violation of 18 U.S.C. § 1001(a)(2) as to Mr. Minkkinen;

Count 11 – False Statements, in violation of 18 U.S.C. § 1001(a)(2) as to Mr. Minkkinen;

Count 12 – False Statements, in violation of 18 U.S.C. § 1001(a)(2) as to Mr. Sambasivam; and

Count 13 – False Statements, in violation of 18 U.S.C. § 1001(a)(2) as to Mr. Sambasivam.

## STANDARD OF REVIEW

The Defendant's motion to dismiss was referred to Magistrate Judge Aboulhosn pursuant to 28 U.S.C. § 636(b)(1)(B), for submission of proposed findings and recommendation. The Court is required to "make a de novo determination of those portions of report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## DISCUSSION

The Defendants filed a joint motion to dismiss for lack of venue, or in the alternative, to transfer venue. They also requested an evidentiary hearing to address proper venue. Magistrate Judge Aboulhosn found that a hearing would not be appropriate because courts considering a motion to dismiss for improper venue must treat allegations in the indictment as true and consider only whether those allegations are sufficient to establish venue. After exhaustively outlining the venue allegations and legal standards as to each count, he concluded that the Indictment adequately alleged venue. Judge Aboulhosn further concluded that the Defendants had failed to meet their burden of demonstrating that transfer to the District of Minnesota would be in the interests of justice.

In their objections, the Defendants argue that an evidentiary hearing is expressly authorized by Federal Rule of Criminal Procedure 12(b)(3)(A)(i). They cite Fourth Circuit cases in which the court considered both allegations in the indictment and evidence presented at trial in evaluating challenges to venue. They contend that the "Indictment fails to allege that overt acts in furtherance of the conspiracy occurred in this District." (Obj. at 4.) They note that the Indictment does not allege that they "worked in West Virginia, let alone that they misappropriated trade secrets in furtherance of the conspiracy, in the Southern District of West Virginia," or where they were when they "converted the alleged trade secrets or where Deloitte stored its alleged trade secrets." (*Id.* at 4–5.) They further argue that the allegations as to the false statement counts are contrary to the evidence, which will show that the Defendants were in Minnesota and the investigation was not based in the Southern District of West Virginia at the time the statements were made. They contend that the allegedly false statements were not essential to the underlying

4

offenses and cannot be overt acts in furtherance of the alleged conspiracy. Finally, they argue that the *Platt* factors weigh in favor of transfer to the District of Minnesota.

The United States responds that a pretrial motion to dismiss for improper venue must rest on the allegations in the indictment, and any factual disputes regarding venue must be decided by a jury. Therefore, it argues that Judge Aboulhosn was correct in denying an evidentiary hearing. It further argues that the Defendants' factual contentions regarding venue are reserved for the jury, and the venue allegations contained in the Indictment are sufficient to survive a motion to dismiss. Finally, the United States contends that the Defendants have not met their burden of showing that a transfer is necessary.

### A. Evidentiary Hearing

Contrary to the Defendants' argument that Rule 12(b)(3)(A)(i) "expressly authorizes a pretrial evidentiary hearing," that rule simply provides that certain defenses, including improper venue, "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(A)(i). Nothing in that rule suggests that an evidentiary hearing is required or appropriate. The Fourth Circuit recently considered a pretrial challenge to venue and explained: "When deciding a pretrial motion to dismiss an indictment for improper venue, the district court assesses only whether the allegations of the indictment, if true, would suffice to establish venue. The court may not, at this stage, consider evidence beyond the indictment." *United States v. Powers*, 40 F.4th 129, 134 (4th Cir. 2022). Given that the Court cannot consider evidence beyond the Indictment, a hearing would serve little purpose. Therefore, the Court finds that Judge Aboulhosn correctly rejected the Defendants' request for an evidentiary hearing.

5

B.  *Motion to Dismiss – Venue*

Criminal defendants have a constitutional right "to be tried in the State and district where the alleged crime was committed." *Id.* at 134. "When, as here, a defendant is charged with multiple criminal counts, venue must lie as to each count." *United States v. Engle*, 676 F.3d 405, 413 (4th Cir. 2012). Absent a specific venue provision, venue is determined based on the nature of the alleged crime and "the location of the act or acts constituting it," focusing on "the essential conduct elements of the charged offense." *United States v. Ebersole*, 411 F.3d 517, 524 (4th Cir. 2005) (internal quotation marks omitted). A continuing offense "properly can be tried either in the district where the offense began, continued, or was completed." *United States v. Stewart*, 256 F.3d 231, 243 (4th Cir. 2001).

Counts One, Two, and Three involve trade secret theft conspiracy, aiding and abetting, and willfully causing the unlawful possession of Deloitte trade secrets within the Southern District of West Virginia, and wire fraud. The Indictment alleges that the Defendant(s) and other conspirators "maintained and constructively possessed material containing and derived from Deloitte's trade secrets on computers and servers that belonged to Workforce WV, and which were located in Charleston, Kanawha County, West Virginia," "sent an email to investigating agents that was designed to conceal and misrepresent the ongoing possession, transmission, and use of Deloitte's trade secrets," and made material misrepresentations "about Sagitec's acquisition, possession, and use of Deloitte's trade secrets" in interviews with investigating agents in Charleston, Kanawha County, West Virginia. (Indictment at ¶ 10.) The Indictment alleges that the conduct comprising Count Two occurred "at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, and elsewhere." (*Id.* at ¶ 12.) As to

6

Count Three, applicable only to Defendant Minkkinen, the Indictment alleges that "[f]rom on or about September 17, 2015, until or about April 8, 2019, at or near Charleston, Kanawha County, West Virginia, and elsewhere, defendant David Gerald Minkkinen, devised and intended to devise a scheme and artifice to defraud the Maryland-West Virginia Consortium to obtain money and property by means of false and fraudulent pretenses, representations, and promises." (*Id.* at ¶ 14.) Count Three further alleges that Mr. Minkkinen "transmitted an email from the state of Minnesota to investigators in West Virginia and Virginia, which falsely denied any possession or misappropriation of Deloitte intellectual property." (*Id.* at ¶19.)

Thus, the United States has alleged that acts constituting the conduct elements of the offenses charged in Counts One, Two, and Three occurred in this district. The Defendants note that the Indictment is silent as to their physical location when they allegedly misappropriated, possessed, and used trade secrets or made false statements. Because venue may lie anywhere a conduct element of the offense took place, a defendant's physical presence is not required for proper venue—particularly in cases involving the transmission of information, money, or materials. *United States v. Stewart*, 256 F.3d 231, 242 (4th Cir. 2001). Thus, the Court finds that the allegations in the Indictment that information or statements were received in this district and/or that overt acts in furtherance of the conspiracy or other elements of the offenses took place in this district are sufficient to allege proper venue at this stage.

The remaining counts allege false statements in emails and interviews. When prosecuting a false statement, proper venue lies in a district in which the effect of the false statements is felt, including the location of a federal investigation impacted by the false statements. *United States v. Oceanpro Indus., Ltd.*, 674 F.3d 323, 329 (4th Cir. 2012). The Indictment alleges each false

7

statement was made in Kanawha County, West Virginia, within the Southern District of West Virginia. As evidenced by the Indictment and this prosecution, an investigation exists in this District.

The Defendants repeatedly argue that the Indictment does not contain factual support for the summary venue declarations. They further put forth arguments that they believe evidence will contradict some of the venue statements and instead show that the investigation was located elsewhere. However, any factual dispute related to venue must be reserved for the jury. As the Fourth Circuit recently found, in a case involving "scant, boilerplate statements about venue," (Obj. at 2) "the indictment was not required to allege venue with greater specificity." *United States v. Powers*, 40 F.4th 129, 136 (4th Cir. 2022) (quoting the allegations that wire fraud and mail fraud offenses occurred "within the Eastern District of Virginia and elsewhere"). "Our inquiry when assessing a challenge to the adequacy of the indictment is whether the Government has alleged that a crime was committed in the district, not whether or how the Government will prove that fact at trial. As explained above, the indictment here was sufficient because it alleged that [the] illegal acts occurred in the Eastern District of Virginia and elsewhere." *Id.* As in *Powers*, the Indictment alleges that the necessary elements as to each count occurred in this district. That is the sole permissible inquiry at this stage. Therefore, as Judge Aboulhosn found, the motion to dismiss must be denied.

C. *Motion to Transfer*

Rule 21(b) of the Federal Rules of Criminal Procedure provides "[u]pon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest

8

of justice." "The decision whether to transfer a case is committed to the sound discretion of the district court." *United States v. Ferguson*, 432 F. Supp. 2d 559, 561 (E.D. Va. 2006).

The following non-exhaustive list of factors may be considered in determining whether to transfer a case: "(1) location of corporate defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved." *Platt v. Minnesota Min. & Mfg. Co.*, 376 U.S. 240, 243–44 (1964).

The Defendants argue that they were in Minnesota at the time of the alleged offense, are still in Minnesota, and have no ties to this District. They argue that many witnesses will be from out of state, including likely witnesses from Sagitec and Deloitte who would need to travel from Minnesota. They contend that Sagitec's business would be interrupted if employees must travel to this District.

At the time the motion was filed, little discovery had been completed. Neither party has identified potential witnesses, making it difficult for the Court to evaluate the balance of inconvenience.[1] At this stage, the only factors that can be evaluated with any clarity are the location of the Defendants and counsel and the Court's docket conditions. The Defendants live in Minnesota. They have counsel located in Minnesota, the Northern District of West Virginia, Pittsburgh, PA, and local counsel in this District. The United States is represented by an attorney

---

[1] Although the Court is cognizant of the potential inconvenience of transfer later in proceedings, the denial of the motion to transfer is without prejudice to a later motion should the discovery process allow presentation of more detailed and specific evidence relevant to the *Platt* factors. Given the balance of inconvenience on the information presented, the location of potential witnesses may weigh significantly in an evaluation of the convenience of the parties and interests of justice.

in this District, an attorney from the Northern District of West Virginia, and an attorney based in Washington, D.C. As Judge Aboulhosn outlined, docket conditions do not pose an impediment to a timely trial in either district. The United States clearly opposes transfer to Minnesota. Without information regarding witness location, the Court cannot evaluate the location of witnesses or the relative accessibility of the two districts. On the parties' submissions, it is unclear how involved Workforce West Virginia may be in the case, or how many Deloitte employees may be called to testify and where they are based. Likewise, events and documents may be located in both districts, and would be unlikely to significantly impact convenience given the availability of e-discovery tools.

The Court finds that the Defendants have not met their burden of demonstrating "that prosecution of the case in the district where the count was properly filed would result in a substantial balance of inconvenience" to them. *United States v. Ferguson*, 432 F. Supp. 2d 559, 562 (E.D. Va. 2006) (internal quotation marks omitted). They and some of their attorneys reside in Minnesota, and trial there would undoubtedly be more convenient for them. Sagitec is located in Minnesota, though it is unclear how many witnesses may be employed at Sagitec, and the Deloitte offices from which they allegedly stole trade secrets are located in Minnesota. As thoroughly discussed above, however, the United States has alleged that the Defendants committed offenses in this district, and this district is more convenient for the United States. Therefore, the Court finds that the motion to transfer should be denied without prejudice.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendants Sivaraman Sambasivam's and David Gerald Minkkinen's Joint Objections to the*

*Magistrate Judge's Order Denying Their Joint Motion to Dismiss Plaintiff's Indictment for Lack of Venue, or, in the Alternative, Motion to Transfer to the District of Minnesota* (Document 43) be **OVERRULED**, that Judge Aboulhosn's *Order* (Document 42) be **ADOPTED**, and that *Defendants Sivaraman Sambasivam's and David Gerald Minkkinen's Joint Motion to Dismiss Plaintiff's Indictment for Lack of Venue, or, in the Alternative, Motion to Transfer to the District of Minnesota, and Memorandum of Law in Support* (Document 38) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendants and their respective counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: November 22, 2022

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA