UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston Division

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **DAVID GERALD MINKKINEN,** <br> **SIVARAMAN SAMBASIVAM**, <br><br> Defendants. | Case No. 2:22-cr-00163 <br> Honorable Omar J. Aboulhosn |

### DEFENDANT DAVID MINKKINEN'S MOTION TO SUPPRESS EVIDENCE OBTAINED BY WEST VIRGINIA COMMISSION ON SPECIAL INVESTIGATIONS INVESTIGATOR JIM POWERS THROUGH CONFIDENTIAL INFORMANT GREG KEENE

Comes now Defendant David Minkkinen, by and through undersigned counsel, and respectfully moves this Court to suppress evidence the government obtained as a result of illegal searches the government directed its informant to conduct into private electronic records. The government obtained the evidence in violation of the search and seizure clause of the Fourth Amendment, and the evidence, as well as other evidence derived from the evidence, should be suppressed as "fruit of the poisonous tree." Furthermore, Mr. Minkkinen requests an evidentiary hearing. This Motion is made and based upon the facts and law set forth in co-defendant Sivaraman Sambasivam's motion to suppress and attached exhibits filed concurrently with this motion, which Mr. Minkkinen adopts in its entirety as if set forth fully herein.

At the time of Informant Keene's illegal searches, Mr. Minkkinen, like Mr. Sambasivam, was a member of Sagitec Insurance Solutions, LLC, holding a 20% equity interest in the company, an amount double any other member's interest. Mr. Minkkinen had a significant role on the Consortium Project and worked on it from its inception.

1

Most of the files, data, and documents needed for the Consortium Project were stored on a SharePoint site and servers hosted, controlled, and administered by Sagitec Insurance Solutions ("Sagitec"). These locations were intended to be available only to those assigned to the Consortium Project; only a select few of Sagitec's hundreds of employees were given access to the Consortium Project's SharePoint site. The SharePoint site was password protected. Mr. Minkkinen used the SharePoint for several years during the Consortium Project. Mr. Minkkinen expected privacy in all workspaces associated with the Consortium Project as well as Sagitec's files, data, and documents because these confidential materials were vital to the development of Sagitec's software and were integral to Sagitec's business. Mr Minkkinen had a reasonable expectation of privacy in this workspace.

For the reasons set forth in Mr. Sambasivam's concurrently filed motion, Mr. Minkkinen moves this Court to order the Government to suppress evidence illegally obtained by Informant Keene and other WorkForce WV employees and Consortium Project contractors as a result of illegal searches and seizures into his private workspaces and all evidence derived from such evidence, including but not limited to the Consortium Project source code, Consortium Project design documents (including, but not limited to, Use Cases, screenshots, data tables, ER Diagrams, metadata information), and WVCSI and USDOL memoranda describing such illegal searches and seizures of documents. A non-exhaustive list of evidence to suppress is attached as an exhibit to Mr. Sambasivam's concurrent motion. Mr. Minkkinen also respectfully requests the Court to hold an evidentiary hearing.

3

Respectfully submitted this 27th day of April 2023.

By: */s/ Stephen S. Stallings*
Stephen S. Stallings, Esquire
PA ID No. 205131
The Law Offices of Stephen S. Stallings, Esq.
310 Grant Street, Suite 3600
Pittsburgh, PA 15219
T: 412.322.7777
F: 412-322-7773
attorney@stevestallingslaw.com

*/s/ Michael Edward Nogay*
Michael Edward Nogay, Esq.
Sellitti, Nogay & Nogay, PLLC
P.O. Bo 3095
Weirton, WV 26062
T: 304.723.1400
F: 304.723.3252
Mike@NogayLaw.com

Counsel for David Gerald Minkkinen