IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                CRIMINAL ACTION NO. 2:22-cr-00163

DAVID GERALD MINKKINEN
SIVARAMAN SAMBASIVAM,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Government's Motion to Stay District Court Proceedings Pending Appeal* (Document 204) and *Defendants Sivaraman Sambasivam's and David Gerald Minkkinen's Response in Opposition to the Government's Motion to Stay District Court Proceedings Pending Appeal* (Document 213).

The Court entered a *Memorandum Opinion and Order* (Document 175) on May 22, 2023, granting the Defendants' motion to recuse AUSA Andrew Cogar from this case. Mr. Cogar is employed by the United States Attorney's Office for the Northern District of West Virginia, where the investigation of this matter began. The Department of Justice recused the Northern District and assigned the case, pre-indictment, to the Southern District, because the United States Attorney for the Northern District represented a potential co-defendant in this matter while in private practice. Mr. Cogar was permitted to continue in the case as a Special Assistant United States Attorney under the supervision of the United States Attorney's office for the Southern District. However, the Defendants indicated that the United States Attorney for the Northern District was a

potential exculpatory witness, and the Court concluded that, at the least, the appearance of a conflict of interest precluded Mr. Cogar's continued role in the case. The United States filed a notice of appeal on June 2, 2023. On the same date, the United States filed the motion to stay all proceedings.

The United States, framing the Court's order as a court-imposed recusal of the entire United States Attorney's Office for the Northern District of West Virginia, argues that the recusal order raises separation of powers issues. It contends that the order is appealable under the collateral order doctrine because it would be effectively unreviewable after final judgment. Thus, it argues that an interlocutory appeal is permissible and a stay is necessary to "avoid undermining the purpose of the collateral order doctrine." (Mot. at 3.)

The Defendants argue that the United States "is not entitled to an appeal under the 'collateral-order doctrine' because this Court did not disqualify the entire U.S. Attorney's Office for the Southern District of West Virginia in its order of recusal." (Def. Resp. at 1.) They point out that two other attorneys had previously been assigned to the case and remain unaffected by the recusal order. The Defendants object to the potential for delay inherent in a stay of all proceedings pending appeal.

The collateral order doctrine permits appeals of orders that are "a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546–47 (1949). The collateral order doctrine is a "narrow exception to the final judgment rule." *United States v. Sueiro*, 946 F.3d 637, 639 (4th Cir. 2020) (explaining that the final judgment rule means that appellate courts "generally do[] not have appellate jurisdiction until after the imposition of a sentence").

2

"Piecemeal or interlocutory appeals are disfavored in the federal courts, especially in criminal cases." *United States v. Lawrence*, 201 F.3d 536, 537 (4th Cir. 2000). The collateral order doctrine permits immediate appeal of an order if it "(1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits, and (3) is effectively unreviewable on appeal from a final judgment." *Sueiro*, 946 F.3d at 639 (internal punctuation and quotation marks omitted). "This is not a balancing test; to fall within the collateral order doctrine, a trial court order must satisfy each condition." *Id*. at 640. "The justification for immediate appeal must…be sufficiently strong to overcome the usual benefits of deferring appeal until litigation concludes." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009).

Courts are to address the strength of the justification for immediate appeal both in evaluating the second factor, the importance of the issue presented, and the third factor. *Id.* "[T]he third *Cohen* question, whether a right is 'adequately vindicable' or 'effectively reviewable,' simply cannot be answered without a judgment about the value of the interests that would be lost through rigorous application of a final judgment requirement." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 878–79 (1994). The Supreme Court included "grants or denials of attorney disqualification" among the several types of potential rulings that may be unreviewable "in the sense that relief from error can never extend to rewriting history." *Id.* at 872. Such rulings "may burden litigants in ways that are only imperfectly reparable by appellate reversal" and some errors "will not seem serious enough to warrant reversal at all, when reviewed after a long trial on the merits," but do not warrant invocation of the collateral order doctrine. *Id.*

Furthermore, "in the criminal context, the trial court order must *strictly* satisfy each condition" in order to ensure that the collateral order doctrine does not interfere with the

3

"compelling interest in the speedy resolution of criminal cases." *Sueiro*, F.3d at 640 (emphasis in original). The Fourth Circuit has emphasized that "the circumstances from which the Government may appeal in a criminal case pursuant to the collateral order doctrine are exceedingly rare," and "attempts by the Government" to invoke the collateral order doctrine should be "treat[ed] with suspicion." *United States v. Moussaoui*, 483 F.3d 220, 233 (4th Cir. 2007).

The importance of the issue at stake here, as argued by the parties, turns in part on whether the Court's disqualification order should be construed as disqualification of an entire U.S. Attorney's Office, which the United States argues would implicate separation of powers concerns. The Court outlined the procedural history in more detail in the disqualification opinion. The United States' position herein, which suggests that (a) the Court's reasoning would result in disqualification of the entire United States Attorney's Office for the Northern District of West Virginia and (b) that would be an erroneous result opposed by the United States, is somewhat confusing. The Northern District, recognizing that the U.S. Attorney's prior representation of a potential defendant created a conflict of interest, submitted the matter to the Executive Office for U.S. Attorneys General Counsel's Office. The Associate Deputy Attorney General directed the recusal of the entire United States Attorney's Office for the Northern District of West Virginia, but authorized AUSA Cogar and his support staff to continue with the case at the discretion of the United States Attorney for the Southern District of West Virginia.[1] The United States appears to be in conflict with itself with regard to whether the Northern District should properly be recused from this case.

---

1 The Court found that AUSA Cogar should be recused because of the appearance of impropriety given the conflict impacting the office as a whole, as had already been found by the Associate Deputy Attorney General, as well as information indicating that his boss, the United States Attorney for the Northern District, was a potential witness in the case, which, in the Court's view, would defeat the effectiveness of any screening mechanisms.

Turning to the first *Cohen* factor, the Court's disqualification opinion conclusively determined the disputed question of whether AUSA Cogar could remain as counsel under the facts presented. However, the Court does not find that the United States can satisfy the remaining two *Cohen* factors. Both the Fourth Circuit and the Supreme Court have emphasized that the collateral order doctrine must be construed narrowly, particularly in criminal cases in which delay is heavily disfavored, and even more particularly when invoked by the government in a criminal case. The United States' interest in retaining Mr. Cogar's representation in this case does not rise to the level of the interests found to warrant interlocutory appeals in criminal cases. The indictment was returned in the Southern District of West Virginia, which is staffed with qualified and unconflicted attorneys. An AUSA from the Southern District was assigned to the case prior to Mr. Cogar's disqualification and has ably continued with motions practice since. Candina Heath, Senior Counsel for the Computer Crime and Intellectual Property Section of the Department of Justice, has been involved with the case since well before the original indictment. The United States obtained a superseding indictment after Mr. Cogar's disqualification, in addition to submitting numerous briefs on various substantive issues related to the case.

Mr. Cogar's disqualification does not impair the United States' ability to proceed with this prosecution. While review of the disqualification issue will likely be unavailable after final judgment, given the limitations on appeal for the United States in criminal cases, that does not imply that interlocutory appeal *must* be available. *See, e.g. United States v. Moussaoui*, 483 F.3d 220, 228 (4th Cir. 2007) ("the Government's right to appeal in criminal cases is severely limited"). "An unreviewable order is one that has significant and irreparable effects." *Cobra Nat. Res., LLC v. Fed. Mine Safety & Health Rev. Comm'n*, 742 F.3d 82, 90 (4th Cir. 2014). Disqualification of

a single AUSA, even one with extensive knowledge of the investigation and case, from a case that also had additional counsel for the United States, cannot be said to have significant and irreparable effects. Thus, the Court finds that the collateral order doctrine does not permit the United States' appeal, and the motion to stay should be denied.

Even if the Fourth Circuit finds that the collateral order doctrine is applicable to this issue, it is not clear to the Court that a stay of all proceedings is appropriate. As noted, the United States is represented by other counsel who have continued to engage with pre-trial litigation, including extensive motions practice, discovery, court appearances, and obtaining a superseding indictment. The collateral order doctrine is specifically limited to issues that are completely separate from the merits of the case. As such, the question of whether Mr. Cogar was properly disqualified is not relevant to the various motions pending before the Court. Given the compelling interest in speedy resolution of criminal cases, the Court would not be inclined to halt all proceedings during the pendency of the United States' appeal of the disqualification order.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Government's Motion to Stay District Court Proceedings Pending Appeal* (Document 204) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendants and their respective counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: June 9, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA